IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. C-12-5782 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES; VACATING HEARING** |
| v. | |
| TESFAYE BEYENE, | |
| Defendant. / | |

Before the Court is plaintiff J & J Sports Productions, Inc.'s "Motion to Strike Defendant's Affirmative Defenses," filed February 15, 2013. On March 1, 2003, defendant Tesfaye Beyene filed opposition, and, on March 8, 2013, plaintiff filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for April 5, 2013,[1] and rules as follows.

In its moving papers, plaintiff seeks an order striking the eighteen affirmative defenses pleaded in defendant's initial answer, filed January 28, 2013. In his opposition, defendant agrees to withdraw certain of the affirmative defenses, argues certain of the

---

[1] Plaintiff's "Request for Telephone Appearance for Motion to Strike Hearing," filed March 27, 2013, is hereby DENIED as moot. For future reference, plaintiff is informed that although the Court, for good cause shown, may conduct case management conferences by telephone, appearances at hearings on motions are in person.

remaining affirmative defenses are adequately pleaded, and seeks leave to amend certain others; he also argues he has a right to file an amended answer without leave of court. On March 8, 2013, defendant filed an amended answer, setting forth therein ten affirmative defenses. That same day, plaintiff filed a reply, asserting defendant has no right to amend without leave, and, in the alternative, that the affirmative defenses pleaded in the amended answer are not properly pleaded. Additionally, on March 28, 2013, plaintiff filed a motion to strike the amended answer, on the ground it was filed without leave of court.

As plaintiff correctly points out, a defendant, absent leave of court, may only amend an answer within 21 days of the date on which the initial answer is served. See Fed. R. Civ. P. 15(a). Here, defendant's initial answer was filed and served January 28, 2013, a date more than 21 days before defendant filed and served his amended answer. Nevertheless, because plaintiff, in its reply, not only had but took the opportunity to respond to the merits of the affirmative defenses pleaded in the amended answer, the Court, in the interests of judicial economy, will grant defendant, nunc pro tunc, leave to file his amended answer, and will consider plaintiff's challenge thereto as set forth in plaintiff's reply in support of plaintiff's initial motion to strike.[2]

The Court next turns to the merits of the motion to strike.

In its complaint, plaintiff alleges it held "exclusive nationwide commercial distribution (closed-circuit) rights to Manny Pacquiao v. Juan Manual Marquez III WBO Welterweight Championship Fight Program," telecast on November 12, 2011. (See Compl. ¶ 14.) Plaintiff further alleges defendant "unlawfully intercepted and broadcast" the program at defendant's place of business in Oakland, California. (See Compl. ¶ 11.) Based on said allegations, plaintiff asserts four causes of action, specifically, "Violation of Title 47 U.S.C. Section 605," "Violation of Title 47 U.S.C. Section 553," "Conversion," and "Violation of California Business and Professions Code Section 17200, et seq." To prevail on said claims, plaintiff is required to prove defendant's broadcast of the program was without

---

[2] Plaintiff's subsequent motion to strike, which motion is based solely on the propriety of amendment without leave, is hereby DENIED.

2

plaintiff's consent.  See Directv, Inc. v. Webb, 545 F.3d 837, 843 (9th Cir. 2008) (interpreting 47 U.S.C. § 605 as prohibiting "unauthorized receipt and use" of "satellite television signals"); 47 U.S.C. § 553(a)(1) (prohibiting interception of "any communications service offered over a cable system, unless specifically authorized to do so by a cable operator"); Bank of New York v. Fremont General Corp., 523 F.3d 902, 914 (9th Cir. 2008) (holding, under California law, plaintiff in conversion action has burden to prove "it did not consent to the defendant's exercise of dominion").

In his amended answer, defendant denies that he unlawfully intercepted and broadcast the program.  (See Amended Answer ¶ 11).  Additionally, defendant sets forth ten "affirmative defenses," titled, respectively, "Acquiescence," "Consent," "Ratification," "Prevention or Excuse of Performance," "Superseding Acts of Third Parties," "Failure to Mitigate Damages," "Estoppel," "Laches," "Unclean Hands," and "Waiver."  Each of said ten "affirmative defenses" is based on the allegation that "[d]efendant spoke to Art Gallegos ["Gallegos"], a principal at [p]laintiff's place of business on the date of the subject programming, ordered the programming over the phone, and provided the principal with his credit card information to pay for the programming, and in return, [d]efendant received the programming at his place of business."[3]  In other words, each "affirmative defense" is based on the theory that defendant tendered payment to receive the program and that plaintiff, in return, consented to defendant's exhibition of the program.

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).  As discussed above, plaintiff bears the burden of proving it did not consent to plaintiff's exhibition of the program.   Under such circumstances, defendants' "affirmative defenses" are not in fact affirmative defenses, but, rather, are "merely rebuttal against the

---

[3]In support of some of the "affirmative defenses," defendant additionally alleges that "since the programming," defendant again provided Gallegos with defendant's credit card but Gallegos "refused to accept such information," and, further, that defendant "faxed [ ] Gallegos his credit card information once again" but "no response was received."  (See, e.g., Amended Answer at 8:24 - 9:5.)

3

evidence [to be] presented by the plaintiff." See <u>Barnes v. AT&T Pension Benefit Plan-Nonbargained Program</u>, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).  In short, defendant's "affirmative defenses" are "redundant" and, consequently, will be stricken.  See <u>id.</u> at 1174 (striking eight "affirmative defenses" that "simply provide a basis to negate an element of [plaintiff's] prima facie case for relief").

Accordingly, plaintiff's motion to strike defendant's affirmative defenses is hereby GRANTED.

**IT IS SO ORDERED.**

Dated:  April 2, 2013

MAXINE M. CHESNEY
United States District Judge